**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOHN P. COON and
G.L., a minor,**

    Plaintiffs,

**v.**                                                                    **CIVIL ACTION NO. 3:14-CV-05
(JUDGE GROH)**

**FOOD LION #0663; MARKETING
MANAGEMENT, INC. c/o FOOD LION;
and GLISTER MARY LEE CORP.;**

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

On January 10, 2014, the above-named Defendants filed a Motion to Dismiss [Doc. 9] the *pro se* Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 13, 2014, the Court issued a Roseboro Notice to the *pro se* Plaintiffs that advised them of their right to file responsive material and alerted them to the fact that their failure to so respond might result in the entry of an order of dismissal against them. On February 10, 2014, Plaintiffs filed their Response to Defendants' Motion to Dismiss. On February 13, 2014, Defendants filed their Reply. Therefore, this motion is ripe for the Court's review. For the following reasons the Court **GRANTS** the Defendant's Motion to Dismiss.

**I. Factual Background**

On December 11, 2013, Plaintiff John P. Coon, on behalf of his minor daughter,

1

G.L., filed his complaint in the Circuit Court of Jefferson County, West Virginia. His Complaint alleges that prior to the weekend of December 17, he purchased a box of single serve microwaveable popcorn from Food Lion Store #0663. He then popped the popcorn at his home, and he served it to his children. He alleges that the product popped safely and completely. He then put another package into the microwave. When the microwave bell sounded, he proceeded to retrieve it from the microwave. His daughter followed him to the microwave and stood at his right side. When retrieving the bag from the microwave, he noticed that it did not inflate and was blackened. He alleges that as he lifted the bag out of the microwave, hot oil and corn kernels poured out of the bag and onto his daughter's face and arm badly burning her.

Plaintiff further alleges that he purchased his microwave on October 27, 2010. He states there was no error in popping time, and the microwave has been certified as in good working order. He also alleges that the oven is a low wattage model, and he has had no previous problems. Plaintiff requests compensatory damages in the amount of $3,000,000 and consequential and punitive damages.

On January 8, 2014, Defendants filed a Notice of Removal that removed this action from the Circuit Court of Jefferson County, West Virginia to the United States District Court for the Northern District of West Virginia. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

## II. Legal Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th

Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added)). Legal conclusions and labels are insufficient to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure, and only allegations of fact are entitled to the presumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Id. When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011).

However, as this case involves a *pro se* Plaintiff, the Court holds the *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Discussion

Defendants move to dismiss the Complaint in this matter because Plaintiff John P. Coon is representing a minor child *pro se*. Defendants argue this is improper under Federal Rule of Civil Procedure 17(c). Additionally, Defendants point out that this case is almost identical to a previous action filed by Plaintiffs. On May 5, 2011, Plaintiffs filed a Complaint in the Circuit Court of Jefferson County, which was subsequently removed to this Court as Civil Action No. 3:11-CV-44. In the 2011 action, this Court recognized that under Federal Rule of Civil Procedure 17(c), "a nonlawyer parent cannot represent a minor child *pro se* in federal court." Coon v. Food Lion #0063, et al., Civil Action No. 3:11-CV-44 (N.D.W. Va. Sept. 15, 2011). This Court permitted Plaintiff to either "(1) show proof on or before October 17, 2011 that they have obtained legal counsel or (2) show cause why this Court should not dismiss the Complaint based upon Mr. Coon's *pro se* representation of his minor child." Id. However, on October 19, 2011, the Court dismissed Plaintiffs' 2011 case, without prejudice, upon Plaintiffs' own motion.

Federal Rule of Civil Procedure 17(c) provides:

The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;
(B) a committee;
(C) a conservator; or
(D) a like fiduciary.

Fed. R. Civ. P. 17(c). Non-attorney parents may not litigate the claims of their minor children in federal court. See Myers v. Loudoun Cnty. Public Schs., 418 F.3d 395, 401 (4th Cir. 2005) (holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court"); Cheung v. Youth Orchestra Found. of Buffalo,

4

Inc., 906 F.2d 59, 61 (2nd Cir. 1990) (holding that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (holding that a father, acting *pro se*, could not represent his daughters).

In this case, it is clear that Plaintiff is once again attempting to represent his minor daughter while proceeding *pro se*. Plaintiff knows as a result of the 2011 action that he is not permitted to represent his minor daughter *pro se*. However, he requests that this Court permit him to proceed *pro se* on behalf of his daughter because no trial will occur in this matter and it will most likely settle in mediation. Although Plaintiff may be well-intentioned in attempting to represent his daughter, this is "not a substitute for legal knowledge necessary to pursue legal claims of another person." B.D. ex rel. Dragomir v. Griggs, No. 1:09CV439, 2010 WL 2775697, *2 (W.D.N.C. June 8, 2010). Therefore, pursuant to this Circuit's precedent and Federal Rule of Civil Procedure 17(c), Plaintiff John P. Coon, a non-attorney parent, may not represent his minor daughter's interest *pro se*. Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

## IV. Conclusion

For the foregoing reasons, the Court finds the Defendant's Motion to Dismiss Plaintiff's Complaint should be, and hereby is, **GRANTED**. Accordingly, the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties herein.

**DATED**: February 26, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE